IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MSCI 2007-IQ16 GRANVILLE RETAIL, LLC,

        Plaintiff,

  vs.                                  Case No. 2:11-cv-487
                                        Magistrate Judge King

UHA CORPORATION, LLC, *et al.*,

        Defendants.

**OPINION AND ORDER**

      This is a diversity action in which plaintiff, as assignee, seeks a money judgment, declaratory relief and foreclosure of mortgaged premises in Delaware, Fairfield and Franklin Counties, and associated leases and personal property, following the alleged default of defendant UHA Corporation, LLC ("UHA"), on a commercial loan.  ECF 29.[1] UHA asserts a counterclaim.  ECF 36.  This matter is before the Court on *Defendant UHA's Motion for a Protective Order Pursuant to FRCP 26(c) With Respect to the Deposition of Uziel Haimoff, Presently Noticed for July 31, 2014*, ECF 55 ("*Motion for Protective Order*").

      Following a preliminary pretrial conference, held pursuant to the provisions of Fed. R. Civ. P. 16(b), this Court issued an order requiring that, *inter alia*, all discovery be completed by May 15, 2014, and that dispositive motions be filed no later than June 15,

---

[1] This case, which was originally filed on June 6, 2011, was administratively closed pending resolution of the bankruptcy proceedings of defendant UHA, *see Order*, ECF 11, but the case was reactivated on October 23, 2013.  *Order*, ECF 13.  On November 15, 2013, MSCI 2007-IQ16 Granville Retail, LLC, was substituted as plaintiff.  *Agreed Order*, ECF 16.

1

2014.  *Preliminary Pretrial Order*, ECF 21, p. 2.  At the request of the parties, and with the consent of the Court, the deadlines for completing discovery and filing dispositive motions were extended to June 30, 2014 and July 31, 2014, respectively.  ECF 37.

The deposition of UHA's sole member and officer, Uziel Haimoff, was originally scheduled for June 30, 2014.  *Motion for Protective Order*, pp. 1-2; *Response of Plaintiff MSCI 2007-IQ16 Granville Retail, LLC to Defendant UHA Corporation, LLC's Motion for Protective Order*, ECF 59, p. 1 ("*Plaintiff's Response*").[2]  Because of a "late conflict" with Mr. Haimoff's schedule, the deposition was continued to July 9, 2014.  *Motion for Protective Order*, p. 2.  During a conference with the Court on that date, however, counsel for UHA represented that Mr. Haimoff was again unavoidably unable to sit for his deposition.  *Order*, ECF 54.  Under those circumstances, the parties again agreed, with the Court's approval, to extend the discovery deadline to July 31, 2014, and the dispositive motion deadline to August 15, 2014.  *Id*.  In extending these deadlines, the Court noted that this was the second time that the deposition of UHA's representative had been continued at his request.  *Id*.  The Court advised that there would be no further continuance of the deposition and that failure of UHA's representative to appear for his deposition by July 31, 2014, may result in the imposition of sanctions, including the possible entry of default on the claims against UHA.  *Id*.

On July 29, 2014, UHA moved for a protective order, representing

---

[2] Although the representations in these filings are not signed under penalty of perjury, the Court nevertheless will refer to the parties' history of the discovery proceedings in this case for purposes of resolving the *Motion for Protective Order*.

2

that Mr. Haimoff was unable to attend his deposition scheduled for July 31, 2014, because he was unexpectedly and unavoidably delayed in Israel while visiting his ill and elderly mother. *Motion for Protective Order*, pp. 1-2. Mr. Haimoff specifically avers that his mother is confined to a wheelchair and needs assistance seeking shelter during missile attacks against Israel. *Affidavit*, ECF 57-1, ¶¶ 2-7 ("*Haimoff Affidavit*"). He also avers that no other family member is available to assist his mother and that, in light of her condition, she cannot remain alone with a stranger. *Id*. at ¶¶ 8-10. Because he represents that he cannot now leave his mother to return to the United States for a deposition, *id*. at ¶ 10, UHA "proposes that a final extension through September 15 be granted." *Motion for Protective Order*, p. 3.

Plaintiff does not oppose the *Motion for Protective Order*, but asks that the Court not further extend the case schedule to accommodate UHA's Rule 30(b)(6) deposition. *Plaintiff's Response*, pp. 1-2. Plaintiff also asks that, should the *Motion for Protective Order* be granted, the Court order an immediate in-person deposition of Mr. Haimoff should he offer substantive testimony by way of affidavit or declaration in connection with any subsequent motion or brief filed by UHA. *Id*. at 2. There has been no reply in support of the *Motion for Protective Order.*

Plaintiff's argument is well-taken. The Court recognizes the difficulty and present unavailability of Mr. Haimoff. Accordingly, *Defendant UHA's Motion for a Protective Order Pursuant to FRCP 26(c) With Respect to the Deposition of Uziel Haimoff, Presently Noticed for*

3

*July 31, 2014*, ECF 55, is **GRANTED** with one condition.  If UHA offers Mr. Haimoff's testimony by affidavit or declaration in connection with substantive issues in this case, he is **ORDERED** to appear for an immediate in-person deposition.

<u>September 2, 2014</u>                             <u>          *s/Norah McCann King*          </u>
                                                      Norah McCann King
                                               United States Magistrate Judge