IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MSCI 2007-IQ16 GRANVILLE RETAIL, LLC,

        Plaintiff,

  vs.                                        Case No. 2:11-cv-487
                                                  Magistrate Judge King

UHA CORPORATION, LLC, *et al.*,

        Defendants.

**OPINION AND ORDER**

This is a diversity action in which plaintiff MSCI 2007-IQ16 Granville Retail, LLC ("plaintiff" or "MSCI"), as assignee, seeks a money judgment, declaratory relief and foreclosure of mortgaged premises in Delaware, Fairfield and Franklin Counties, and associated leases and personal property, following the alleged default of defendant UHA Corporation, LLC ("UHA"), on a commercial loan. *First Amended Complaint*, ECF 29. UHA asserts counterclaims for an accounting and accord and satisfaction. *Amended Answer of Defendant UHA Corporation, LLC to the Complaint,* ECF 36. With the consent of the parties pursuant to 28 U.S.C § 636(c), this matter is before the Court on UHA's *Motion for Realignment of Parties and Dismissal of Case*, ECF 77 ("*UHA's Motion*").[1]

I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[2]

On June 6, 2011, Bank of America, National Association ("BOA"),

---

[1] Because *UHA's Motion* can be resolved on the filings, UHA's request for oral argument is denied.
[2] The statements contained in this section are set forth for purposes of resolving only *UHA's Motion*.

as successor by merger to LaSalle Bank National Association, as Trustee for the Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2007-IQ16 filed this action.  *Complaint*, ECF 1.  BOA, a citizen of North Carolina and a national banking association, named UHA, an Ohio limited liability company, as the sole defendant.  *Id*. at ¶¶ 1, 3.  BOA invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging complete diversity between the parties existed and claiming more than $75,000.00 in damages.  *Id*. at ¶ 4.  On August 17, 2011, the Court administratively closed the case pending resolution of the bankruptcy proceedings of defendant UHA, *Order*, ECF 11, but reactivated the case on October 23, 2013, *Order*, ECF 13.

Thereafter, MSCI filed a motion for an order designating it as the real party in interest and substituting it as plaintiff.  ECF 15 ("*Motion for Substitution*").  On November 15, 2013, the Court, by agreed order, granted the *Motion for Substitution*:

> The Court finds as follows:
>
> 1.  Plaintiff Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for the Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2007-JQ16 ("**BOA**"), held all of the loan documents that are the basis of this action herein (collectively the "**Loan Documents**").
>
> 2.  Pursuant to the Assignments and Allonges as more fully described in the Motion, BOA assigned its interest in the Loan Documents to Assignee #2 (as that term is defined in the Motion), which in turn has assigned them to MSCI.
>
> 3.  MSCI is the real party in interest with regard to the Loan Documents and is therefore entitled to prosecute this action as plaintiff.

>    Accordingly, the Court, being duly advised in the premises and for good cause shown, finds the Motion well taken and hereby grants the same.
>
>    **WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED** that MSCI 2007-IQ16 Granville Retail, LLC shall be, and hereby is, substituted as Plaintiff for all purposes herein, and that the caption of this case shall henceforth be, *MSCI 2007-IQ16 Granville Retail, LLC, Plaintiff, v. UHA Corporation, LLC, Defendant.*

*Agreed Order Substituting MSCI 2007-IQ16 Granville Retail, LLC as Plaintiff Herein*, ECF 16, pp. 1-2 ("*Agreed Order*") (emphasis in original).

MSCI later moved to amend the complaint in order to join as defendants the treasurers of Delaware, Fairfield, and Franklin Counties (collectively, "the Treasurers"). ECF 26. In support of its request for leave to amend, MSCI argued that the Treasurers "are necessary parties to this foreclosure action because they hold interests in mortgaged properties located in their respective counties." *Id*. at 1. *See also id*. at 4-5. the Court granted MSCI's unopposed motion for leave to file the amended complaint. *Order*, ECF 28.

According to MSCI, an Ohio limited liability company, the Treasurers "may claim to have some interest in or lien upon certain of the real estate which is the subject of this action by virtue of unpaid real estate taxes, assessments, penalties and interest." *First Amended Complaint*, ECF 29, ¶¶ 1, 3-5 ("*Amended Complaint*"). MSCI went on to assert that this Court is vested with diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity between the parties existed at the time the original *Complaint* was filed, the amount in controversy exceeds $75,000.00, and "subsequent substitution of

parties does not defeat jurisdiction under 28 U.S.C. § 1332." *Id*. at ¶ 6. MSCI seeks a money judgment, declaratory relief and foreclosure of mortgaged premises in Delaware, Fairfield and Franklin Counties, and associated leases and personal property. *Id*. at p. 16. Thereafter, two of the Treasurers acknowledged their interest in the subject property. *Answer of Defendant, Fairfield County Treasurer*, ECF 34, p. 1 (asking "that his interest in subject property be protected and that he be found to have a valid first and best lien against the premises and that he be paid according to the priority of his lien upon the sale of the premises and for such other and further relief to which he may be entitled"); *Answer of Defendant Jon Peterson, Treasurer of Delaware County, Ohio to First Amended Complaint*, ECF 38, ¶ 1 ("The Treasurer has an interest in the parcel(s) as identified in the First Amended Complaint and in the above caption. Such interest is in the form of real estate taxes and assessments. Real estate taxes and assessments are the statutory first and best lien against the parcel(s).").

UHA now moves to realign the Treasurers as party plaintiffs and to dismiss the action for lack of jurisdiction. MSCI opposes *UHA's Motion*. *Plaintiff MSCI 2007-IQ16 Granville Retail, LLC's Memorandum in Opposition to Defendant UHA Corporation's Motion for Realignment of Parties and Dismissal of Case*, ECF 79 ("*Opposition*"). With the filing of the *Amended Memorandum of Defendant, UHA Corporation, LLC in Response to Plaintiff's Memorandum in Opposition to Motion for Realignment of Parties and Dismissal of Case*, ECF 81 ("*Reply*"), this matter is ripe for resolution.

4

**II. STANDARD**

"[T]he courts, not the parties, are responsible for aligning the parties according to their interests in the litigation." *U.S. Fidelity & Guaranty Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) (internal citation omitted). "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Id*. *See also Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994) ("In considering whether there is complete diversity, a federal court must look beyond the nominal designation of the parties in the pleadings and should realign the parties according to their real interests in the dispute."). In determining the appropriate alignment of parties in an action based on diversity jurisdiction, "whether the necessary collision of interests . . . exists[] is [] not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit, . . . and the primary and controlling matter in dispute." *U.S. Fidelity & Guaranty Co.*, 955 F.2d at 1089 (internal quotation marks and citations omitted). Accordingly, "[r]ealignment, then, may create or destroy diversity jurisdiction." *Safeco Ins. Co. of Am.*, 36 F.3d at 545.

**III. DISCUSSION**

This Court first notes that the parties agree that MSCI's substitution as a plaintiff did not destroy diversity jurisdiction. The parties also agree that the Treasurers are necessary parties to this litigation. The parties disagree, however, whether the

5

Treasurers' interests align with MSCI's interests and, therefore, whether realignment of the Treasurers as party plaintiffs is appropriate. UHA argues that the Treasurers are more properly aligned as plaintiffs because their interests are "almost identical" to MSCI's interest as they all seek foreclosure and ask that their liens be paid in full. *UHA's Motion*, pp. 5-6 (citing, *inter alia*, *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554 (6th Cir. 2010)); *Reply*, pp. 5-7. To the extent that there may exist some dispute between MSCI and the Treasurers as to liens on the properties, UHA contends that any such dispute is secondary to the primary issue of foreclosure. *Id*. UHA further argues that, with the this realignment sought by it, complete diversity will be destroyed. *Id*. MSCI, however, contends that in actions seeking to adjudicate interests in real estate, holders of competing interests in real estate, such as the Treasurers in this foreclosure action, are properly aligned as defendants, *Opposition*, pp. 5-10, and notes that other district courts in this circuit have denied requests for realignment in such actions. *Id*. at 5-6, 10-11 (citing, *inter alia*, *Citizens Bank v. Plasticware, LLC*, 830 F. Supp.2d 321, 327 (E.D. Ky. 2011); *MSCI 2007-IQ16 Retail 9654, LLC v. Prospect Square 07 A, LLC*, No. 1:13-cv-592 (S.D. Ohio) (Barrett, J.), attached thereto as *Exhibit A*).

    MSCI's arguments are well-taken. Another court in this district recently considered a similar request for realignment in a foreclosure action. *See WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners, LLC*, No. 1:14-CV-588, 2014 U.S. Dist. LEXIS 164368 (S.D.

6

Ohio Nov. 24, 2014).  In that case, one of the defendants argued that the Hamilton County Treasurer should be realigned as a plaintiff because its interest was not adverse to the plaintiff's interests in the real property.  *Id*. at *12.  Commenting that the primary purpose of the lawsuit was determinative of the issue, the *WBCMT* court noted that a foreclosure action required the plaintiff to establish its right to foreclose on the property and to establish the validity and priority of its lien.  *Id*. at 14. The Hamilton County Treasurer's interest was "not necessarily directly aligned" with the plaintiff's interest because the treasurer "may dispute the validity or priority of Plaintiff's lien or assert a claim to real estate taxes that is dispute by Plaintiff."  *Id*. at *14-15.  The court concluded that "[i]t thus is no surprise that courts repeatedly have aligned the Treasurer as defendant in foreclosure proceedings."  *Id*. at *15 (citing case authority, local rules, and Ohio Rev. Code § 2329.192 ("aligning state lienholder as a party-defendant in an action seeking judicial sale of real estate that is subject to a state lien").  Realignment of the treasurer as a plaintiff was therefore "unnecessary and improper in this instance."  *Id*.  *See also Citizens Bank*, 830 F. Supp.2d 321, 327 (refusing to realign parties in a foreclosure action where lienholders had conflicting interests); *MSCI 2007-IQ16 Retail 9654, LLC*, No. 1:13-cv-592, p. 11, attached as *Exhibit A* to *Opposition*).

  This Court finds this reasoning persuasive.  "A suit to foreclose a mortgage is a proceeding to determine the existence, extent, and priority of a mortgage lien and to obtain the sale of the real property pledged to secure its satisfaction."  *United States v.*

7

*Scholnick*, 606 F.2d 160, 165 (6th Cir. 1979). As the recitation of the procedural history in this case establishes, the Treasurers and MSCI each assert an interest in proceeds from a future foreclosure sale of the subject property. In the event that the sale proceeds are insufficient to satisfy these claims in full, the priority of the liens determines which lienholder is paid first from a limited fund generated by sale proceeds. Here, the Treasurers' liens take priority over MSCI's liens,[3] reducing the amount of money available to MSCI. Under these circumstances, the Treasurers' interests are adverse to MSCI's interest and realignment is therefore improper in this case. *See*, *e.g.*, *WBCMT 2007-C33 Office 7870, LLC*, 2014 U.S. Dist. LEXIS 164368, at *15; *Citizens Bank*, 830 F. Supp.2d 321, 327 (refusing to realign parties in a foreclosure action where lienholders had conflicting interests); *MSCI 2007-IQ16 Retail 9654, LLC*, No. 1:13-cv-592, p. 11, attached as *Exhibit A* to *Opposition*).

UHA's reliance on *Cleveland Housing Renewal Project*, 621 F.3d 554, does not militate a different result. In that case, the plaintiff Cleveland Housing Renewal Project ("CHRP") alleged that several vacant properties owned by the defendant bank were a public nuisance. *Id*. at 557. CHRP also named the City of Cleveland as a defendant because the city might have an interest in the subject real property because of code violations, utility assessments, and nuisance abatement costs. *Id*. at 557-58. The United States Court of Appeals for the Sixth Circuit determined that the primary purpose of the

---

[3] MSCI acknowledges that the Treasurers liens take priority over its own. *See*, *e.g.*, *Opposition*, p. 4.

litigation was to abate the nuisances.  *Id*. at 590-60.  Because the city would benefit from abating the nuisance and preventing future nuisances, the city's interest was aligned with CHRP's interest.  *Id*.  The Sixth Circuit therefore concluded that the city's liens on some of the properties were ancillary to the primary controversy and affirmed the realignment of the city as a plaintiff.  *Id*.  *See also City of Cincinnati v. Deutsche Bank Nat'l Trust Co*., No. 1:12-cv-104, 2012 U.S. Dist. LEXIS 61163, at *13-18 (S.D. Ohio May 2, 2012) (realigning county treasurer as co-plaintiff where the interests of the treasurer and the plaintiff were aligned in the primary goal of abating nuisances) (citing, *inter alia*, *Cleveland Housing Renewal Project*, 621 F.3d at 560).  In the case presently before the Court, however, the Treasurers and MSCI do not share a similar common interest.  As discussed *supra*, the primary controversy requires a determination of the priority of liens and payment of those liens according to that priority determination.  This determination necessarily pits the interests of MSCI and of the Treasurers against each other.  *Cleveland Housing Renewal Project*, a public nuisance action, is therefore inapposite.  For all these reasons, the Court concludes that the present record establishes that the Treasurers have interests adverse to MCSI. Therefore, the realignment of the parties is not warranted.

**WHEREUPON**, UHA's *Motion for Realignment of Parties and Dismissal of Case*, ECF 77, is **DENIED**.


December 12, 2014                                          *s/Norah McCann King*
                                                                Norah McCann King
                                                        United States Magistrate Judge

9